IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| CHARMAINE KLATCH MAYNARD and | : | |
| WILLIAM MAYNARD | : | |
| Plaintiff | : | |
| | : | 3:CV-06-2331 |
| VS. | : | (JUDGE VANASKIE) |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| THE UNITED STATES POSTAL SERVICE | : | |
| JANE DOE, JOHN DOE | : | |
| Defendants | : | |

MEMORANDUM

This action arises out of an individual's attempts to enter a United States Post Office escorted by a service dog.  Plaintiffs Charmaine Klatch Maynard and William Maynard, husband and wife, bring this action against the United States of America, United States Postal Service ("USPS"), Jane Doe, and John Doe, alleging federal constitutional violations, and negligence and negligence per se under the Federal Tort Claims Act ("FTCA").[1]  Before the Court is Defendants' Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Dkt. Entry 29.)  For the reasons set forth below, Defendants' Motion to Dismiss will be granted.

---

[1]Jane Doe and John Doe are unknown employees of the USPS.  (Am. Compl. at ¶¶ 4 & 5.)

I. BACKGROUND

Mrs. Maynard alleges that, while accompanied by her service dog, she was not permitted to enter the United States Post Office in Wyoming, PA on eighteen different occasions between September 8, 2003, and September 2, 2005.[2] (Am. Compl., Dkt. Entry 28, at ¶¶ 9, 20, 24.)  She is alleged to be disabled with a substantial impairment of a major life function – suffering from reflex sympathetic dystrophy.  (Id. at ¶ 22.)  Mrs. Maynard's trained and certified service dog, Liesel, provides support and assists her in daily activities.  (Id. at ¶ 23.)  As a result of Defendants' treatment, Mrs. Maynard allegedly suffered great humiliation and embarrassment, great physical and mental suffering, great inconvenience in carrying out her daily activities, loss of life's pleasures, and extreme emotional distress.  (Id. at ¶ 28.)

Following these occurrences, the Maynards filed an informal complaint according to the procedures outlined in regulations promulgated by Defendants.  (Id. at ¶ 11.)  Plaintiffs allege that they did not receive any follow-up notices regarding their informal complaint.  (Id. at ¶ 13.)  With no success with their informal complaint, Plaintiffs filed a Standard Form 95, complaining that Mrs. Maynard was not permitted to enter the post office with her service dog.  (Id. at ¶¶ 7 & 15.)  Her formal complaint was purportedly denied pursuant to 39 C.F.R. § 255.6.  (Am. Compl.

---

[2]The specific dates Mrs. Maynard alleges she was refused service are September 8, 18, 25, October 7,8, November 13, and December 11 of 2003; February 5, April 22, June 15, October 7 of 2004; January 27, April 14, June 20 and 21 of 2005; and three other dates.  (Am. Compl. at ¶ 20.)

at ¶ 16.)

The first three claims for relief are based on <u>Bivens v. Six Unnamed Agents of the Fed.</u> <u>Bureau of Narcotics</u>, 403 U.S. 388, (1971), against Jane and John Doe. The First and Third Claims for relief allege that Mrs. Maynard was intentionally deprived of her right to freely use the services of the USPS in violation of her Procedural and Substantive Due Process rights under the Fifth Amendment of the United States Constitution.  (Am. Compl. at ¶¶ 26 & 39.) The Second Claim for relief alleges violations of the Equal Protection Clause of the Fifth Amendment of the United States Constitution.  (<u>Id.</u> at 7.)  It is alleged that Mrs. Maynard was intentionally deprived of her right to use the post office on an equal basis with other customers. (<u>Id.</u> at ¶ 34.)

The Fourth and Fifth Claims for relief allege that Mrs. Maynard was negligently deprived of her rights under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Equal Protection clause of the Fifth Amendment by the United States of America and the USPS. (Am. Compl. at 11-14.)[3]  The Amended Complaint states that Mrs. Maynard was negligently

───────────────

[3] Plaintiffs do not, however, bring an action under the Rehabilitation Act.  While there is a conclusory averment that the administrative process set forth in 39 C.F.R. § 255.6 have been exhausted, the documents accompanying the complaint belie this assertion.  It is evident that Plaintiffs have not followed the appropriate process to pursue a Rehabilitation Act claim.  As explained in <u>Krumel v. City of Fremont</u>, No. 8:01CV259, 2002 WL 808633, at *4 (D. Neb. Jan. 2, 2002):

The U.S. Postal Service's regulations describe a thorough complaint procedure through which any person who alleges that he or she has been subject to

3

denied access with her service dog to the post office without notice and an opportunity to be heard.  (Id. at ¶ 52.)  It is also alleged that the United States and the USPS abridged Mrs. Maynard's right guaranteed by 42 U.S.C. § 12132 and the Due Process clause of the Fifth Amendment.  (Id. at ¶ 57.)

The Sixth, Seventh, Eighth and Ninth Claims for relief allege negligence per se against the United States and the USPS under the FTCA.  The Sixth and Seventh Claims allege violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 et seq., for negligently discriminating against Mrs. Maynard based upon use of a service dog.  (Id. at ¶¶ 80, 81, 93 &

---

discrimination in the provision of postal services or programs on the basis of a handicap can seek redress from local postmasters. The complainant must submit a written complaint and information sufficient to allow a complete examination of all the relevant circumstances. After review of all relevant information, the local postmaster may issue a decision which, in turn, may be reviewed by the district manager. If the complainant's request is denied by the local postmaster, review by the district manager is automatic. If there is no resolution to the complaint within 60 days of submission, the complainant may seek redress in "any other appropriate forum" including an appeal to the Postal Services' Customer Advocate. After this procedure is concluded, the complainant may seek judicial review pursuant to the Administrative Procedure Act. See 5 U.S.C. §§ 701 to 706.

The court dismissed the action against the Postal Service in Krumel because, as in this action, the plaintiff eschewed the administrative review process.  See also Poynter v. United States, 55 F. Supp. 2d 558, 562-63 (W.D. La. 1999) (dismissing Rehabilitation Act claim on the ground that oral complaints to Postmaster did not satisfy administrative review process).

94.)  The Eighth and Ninth Claims allege violations of the ADA and 40 U.S.C. § 3103, and 18 Pa. Cons. Stat. § 7325 et seq., for forbidding Mrs. Maynard from bringing her service dog into the post office.[4]  (Id. at ¶¶ 106 & 107.)

## II.  DISCUSSION

### A.  Standard of Review

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot."  In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993) (Buckwalter, J.), aff'd, 39 F.3d 61 (3d Cir. 1994). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion.  NMC Homecare, Inc. v. Shalala, 970 F. Supp. 377, 382 (M.D. Pa. 1997).  In reviewing such a motion, the court can consider not only the pleadings, but any additional evidence made available to the court.  Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).  Unlike a Rule 12(b)(6) motion, under a 12(b)(1) motion to dismiss, " 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim.' " Robinson, 107 F.3d at 1021 (citing Mortensen v. First Fed. Savings & Loan Ass'n, 549 F.2d

---

[4]The Amended Complaint further alleges that Mrs. Maynard is a discrete and insular minority and in a protected class of persons under 42 U.S.C. § 12101.  (Id. at ¶ 25.)

884, 891 (3d Cir. 1977)).  A complaint may be dismissed for lack of subject matter jurisdiction on a 12(b)(1) motion only if it appears to a certainty that a colorable claim cannot be asserted. Smith v. Soc. Sec. Admin., 54 F. Supp. 2d 451, 453 (E.D. Pa. 1999).  Trial judges, however, "enjoy substantial procedural flexibility in handling Rule 12(b)(1) motions." Berardi v. Swanson Mem. Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

        In deciding a motion to dismiss filed pursuant to Rule 12(b)(6), the Court's task is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief . . . ." Langford v. Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Dismissal of a complaint is appropriate only if, accepting as true all facts alleged, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007) (abrogating the "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46, 78 (1957)).  To state a claim consistent with the language of Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations enough "to raise a right to relief above a speculative level." Id.  Each of the claims asserted in the Complaint will be assessed in the context of this standard of review.

B.  Negligence and Negligence Per Se Claims Against the United States Postal Service

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Mitchell, 445 U.S. 535, 538 (1980).  Under the Federal Tort Claims Act ("FTCA"), district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . ."  28 U.S.C. § 1346(b).  The FTCA is the exclusive remedy for tort actions against the United States.  See  28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . .").

Under the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101 et seq., the USPS is "an independent establishment of the executive branch of the Government of the United States . . . ."  See 39 U.S.C. § 201.  Although the Postal Reorganization Act generally waives the immunity of the USPS from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service."  Dolan v. U.S. Postal Service, 546 U.S. 481, 484 (2006) (citing 39 U.S.C. § 409(c)).

Indeed, the Federal Tort Claims Act is the exclusive remedy for tort actions against the

United States.  Melgar-Garcia v. United States, Civil No. 1:CV-07-1071, 2008 WL 2310957, at

*1 (M.D. Pa. June 3, 2008).  In such actions, the United States is the only proper defendant.

Brown v. U.S. Post Office, No. CIV.A. 01-6462, 2002 WL 511466, at *1 (E.D. Pa. April 4, 2002)

(citing Myers & Myers, Inc. v. U.S. Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975)).

Therefore, as an independent basis for jurisdiction does not exist, Plaintiffs' negligence and

negligence per se claims against the USPS will be dismissed for lack subject-matter

jurisdiction.  See Martinez v. U.S. Post Office,  875 F. Supp. 1067, 1073 (D.N.J. 1995) (finding

"as a matter of law [that] the United States Postal Service is never a proper defendant in a tort

action" under the FTCA).  (See Mem. Supp. Mot. Dismiss, Dkt. Entry 30, at 5.)

     C.  Negligence and Negligence Per Se Claims Against the United States

     The FTCA makes the United States liable for tortious acts or omissions committed by its

agents "under circumstances where the United States, if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred." 28

U.S.C. § 1346(b).  Thus,  Plaintiffs are required to state a claim under Pennsylvania tort law, or

have a state law analogue.  See Cecile Industries, Inc. v. United States,  793 F.2d 97, 99 (3d

Cir. 1986); Sea Air Shuttle Corporation v. United States, 112 F.3d 532, 536 (1st Cir. 1997) ("It is

virtually axiomatic that the FTCA does not apply where the claimed negligence arises out of the

failure of the United States to carry out a federal statutory duty in the conduct of its own

affairs.") (internal citations omitted); see, e.g., Delta Savings Bank v. United States, 265 F.3d

1017, 1026 (9th Cir. 2001) ("To bring suit under the FTCA based on negligence per se, a duty must be identified, and this duty cannot spring from a federal law.")

In support of their negligence per se claims, Plaintiffs invoke two state statutes:  the PHRA and 18 Pa. Cons. Stat. § 7325.  Since 18 Pa. Cons. Stat. § 7325, which deals with discrimination on account of use of service dog, does not set forth an appropriate standard of care, but instead imposes liability for an intentional act of discrimination, it cannot serve as a basis for negligence per se.  The PHRA likewise is not the type of statute contemplated in a negligence per se action.

In Cecile Industries, Plaintiffs Cecile Industries, Inc. ("Cecile"), a manufacturer of clothing and equipment for agencies of the United States Government, and John Miller, the President and sole shareholder of Cecile, brought an action alleging negligence per se against the United States under the FTCA.  793 F.2d at 98.  Plaintiffs argued that the Defense Personnel Support Center ("DPSC"), an agency of the Department of Defense, subjected them to a de facto disbarment from bidding for contracts without notice and an opportunity to present evidence.  Id.  The Government filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that because a de facto debarment is not a common law tort in Pennsylvania, it is not cognizable under 28 U.S.C. 1346(b).

The Third Circuit affirmed the district court's dismissal for lack of subject-matter jurisdiction, reasoning:

> Even if the regulations requiring notice and an opportunity to present
> evidence were not followed in the period before debarment proceedings were
> instituted, plaintiffs have not shown that the failure to follow such procedures
> constitutes negligence under Pennsylvania law.  The only state law tort that
> might arguably have been violated, misrepresentation, is explicitly excepted
> from the grant of jurisdiction by the Federal Tort Claims Act.  28 U.S.C. §
> 2680(h).  The government has not waived its sovereign immunity in that
> respect.
>
> Accordingly, Cecile and Miller have not satisfied the requirement of
> showing that "the United States, if a private person, would be liable to the
> claimant in accordance with the law of the place where the act or omission
> occurred."  28 U.S.C. § 1346(b).

Id. at 100.

A similar result is compelled in this case.  The PHRA and 18 Pa. Cons. Stat. § 7325

cannot serve as a basis for negligence per se under Pennsylvania tort law.  Plaintiffs have not

cited a case where a Pennsylvania negligence per se claim has been brought pursuant to a

criminal statute or the PHRA.  Moreover, to recognize the PHRA as a state analogue for a tort

claim – a far cry from Pennsylvania tort law – would circumvent statutorily prescribed

administrative complaint processes as well as sovereign immunity.  Cf. Spence v. Straw, 54

F.3d 196, 202-03 (3d Cir. 1995) ("Given that we have found that a litigant must exhaust

administrative remedies under Title VII before filing suit against a federal agency alleging

discrimination on the basis of handicap under sections 504 and 505(a)(2) of the Rehabilitation

Act, it would be anomalous to permit a litigant to avoid that remedial scheme by simply

asserting an independent constitutional claim premised upon the same facts.").

Plaintiffs have not shown that the United States, if a private person, would be liable for

these acts under Pennsylvania tort law.  Accordingly, as the United States has not waived its

sovereign immunity in this respect, the negligence per se claims will be dismissed.

As to Plaintiffs' negligence claims,  Defendants argue that the substance of Plaintiffs'

claims is not negligence, but constitutional violations because of Mrs. Maynard's disability.

(Mem. Supp. Mot. Dismiss, Dkt. Entry 30, at 3.)  In construing claims under the FTCA, "'[i]t is

the substance of the claim and not the language used in stating it which controls.'"  JBP

Acquisitions, LP v. U.S. ex rel. F.D.I.C.,  224 F.3d 1260, 1264 -1265 (11th Cir. 2000) (citing

Gaudet v. United States, 517 F.2d 1034, 1035 (5th Cir.1975)).

For example, when plaintiffs attempt to characterize their claim as negligence instead of

misrepresentation, which is excepted from the FTCA, courts have pierced through the

pleadings, finding that plaintiffs cannot "circumvent the misrepresentation exception simply

through the artful pleading of its claims."  See id. at 1265 (finding plaintiff's characterization of

its claims as negligence unpersuasive); Atorie Air, Inc. v. Fed. Aviation Admin., 942 F.2d 954,

958 (5th Cir.1991) (rejecting the plaintiff's attempt to recast a misrepresentation claim as one

for breach of duty of good faith and fair dealing because the underlying governmental conduct

essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish a

cause of action for misrepresentation); Mt. Homes v. United States, 912 F.2d 352, 356 (9th Cir.

1990) (analyzing whether plaintiff's claim fell within the misrepresentation exception and

explaining that "[a]lthough it has couched its complaint in terms of the breach of a duty to

11

prepare the documents adequately, we look beyond the characterization to the conduct on which the claim is based"); Lambertson v. United States, 528 F.2d 441, 443 (2d Cir.1976) (explaining that "a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts").

Plaintiffs are attempting a similar characterization here.  Plaintiffs characterize their claims in the form of negligence  – "negligently deprived of her statutory and Fifth Amendment right to Equal Protection . . . ," "negligently deprived of her statutory and Fifth Amendment right to Substantive Due Process . . . ," "negligently abridged the civil rights of Plaintiff . . . ," "negligently deprived of her right to freely use the services provided by the Postal Service . . . ," and "negligently deprived . . . of her liberty . . . ." (Am. Compl. at ¶¶ 53, 54, 57, 58, 59, 68, 69, 70, 73, 74 & 75.)   The crux of the allegations, however, is a deprivation of constitutional liberties.  The conduct crucial to Mrs. Maynard's claim arises out the post office's refusal to admit her with her service dog.  Moreover, the pertinent injury to Mrs. Maynard is not being permitted to exercise her right to enter the post office.  No matter how many times Plaintiffs use a form of the word, "negligence," they cannot escape the fact that what they complain of is intentional discrimination.  Accordingly, Plaintiffs' claims of negligence against the United States will be dismissed.

D.  Bivens Claims Against John Doe and Jane Doe

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.

388, 395 (1971), the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights.[5]  A Bivens action will not be recognized, however, if Congress has indicated its intent, either explicitly or implicitly, that a statutory remedy should be the exclusive form of relief.  See Bush v. Lucas, 462 U.S. 367, 378 (1983).  Where Congress has created a statutory remedy, a plaintiff must seek administrative relief first, and then pursue review of the administrative decision in federal court.  Id. at 388.

Because Congress has provided explicit statutory remedies for complaints against the USPS pursuant to 39 C.F.R. § 255.6., a Bivens claim cannot be maintained against the USPS employees and agents.  See Crump v. U.S. Postal Service, No. Civ.A. 01-5695, 2002 WL 32345707, at *2 (E.D. Pa. Aug. 15, 2002) (the PRA provides an adequate alternate means of recovery for claimants against the United States Post Office); Bennett v. Barnett, 210 F.3d 272, 275 n.5 (5th Cir. 2000) (noting that courts have recognized that USPS grievance procedures are constitutionally sufficient, and preclude constitutional causes of action against postal officials).

---

[5]Bivens has been construed so that no remedy is extended to Bivens suits against federal agencies.  FDIC v. Meyer, 510 U.S. 471, 486 (1994).  In this regard, a suit against a federal officer in his or her official capacity is essentially a suit against the federal government itself.  See Kentucky v. Graham, 473 U.S. 159 (1985).  Therefore, a Bivens suit can only exist against federal officials in their individual capacities.  See Huberty v. U.S. Ambassador to Costa Rica, No. 3:07-CV-1420, 2007 WL 3119284, at *4 (M.D. Pa. Oct. 22, 2007).

## III.  CONCLUSION

For the reasons set forth in the foregoing memorandum, Plaintiffs' Amended Complaint

will be dismissed.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHARMAINE KLATCH MAYNARD and     :
WILLIAM MAYNARD                  :
                    Plaintiff   :
                                 :        3:CV-06-2331
        VS.                      :        (JUDGE VANASKIE)
                                 :
THE UNITED STATES OF AMERICA,    :
THE UNITED STATES POSTAL SERVICE :
JANE DOE, JOHN DOE               :
                    Defendants  :

ORDER

NOW, THIS 30th DAY OF SEPTEMBER, 2008, for the reasons set forth in the

foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss (Dkt. Entry 29) is GRANTED.

2. The Clerk of Court is directed to mark this matter CLOSED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge